

**FILED**

**3:15 pm, 2/4/26**

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| NORTH LINCOLN COUNTY HOSPITAL DISTRICT d/b/a STAR VALLEY HEALTH, <br><br> Plaintiff, <br><br> vs. <br><br> CHANGE HEALTHCARE SOLUTIONS, LLC, <br><br> Defendant. | Case No.   25-CV-228-SPK |

**ORDER RESTRICTING ACCESS TO EXHIBIT NOS. 1, 2, 4, AND 6 OF PLAINTIFF'S COMPLAINT**

**THIS MATTER** is before the Court on Plaintiff North Lincoln County Hospital District's *Motion to Restrict Access/Seal Attachments A-1–A-3 to Exhibit 4 of the Complaint* [ECF No. 19] and Defendant Change Healthcare Solutions, LLC's *Unopposed Motion to Redact Portions of Exhibits 1, 2, and 6 of the Plaintiff's Complaint* [ECF No. 20]. Collectively, the parties are seeking to restrict public access or redact discrete portions of Exhibits 1, 2, 4, and 6 to Plaintiff's Complaint [ECF No. 18]. Both Motions are unopposed.

Plaintiff argues Exhibit 4 includes names, account numbers, and detailed information about its patients. ECF No. 19 at 3. Further, that Plaintiff has a substantial interest in preventing its disclosure since it is protected health information under the federal Health Insurance Portability and Accountability Act's Privacy Rule ("HIPAA"). *Id.* at 4.

Accordingly, Plaintiff requests the Court enter an order sealing or restricting Exhibit 4 from the public. *Id.* at 5.

Defendant argues Exhibits 1, 2, and 6 contain confidential business information such as pricing and paying structures. ECF No. 20 at 3. Further, if other competitors, customers, or potential customers learn of this information it may adversely affect Defendant's present and future business. *Id.* at 4. Accordingly, Defendant requests specific redactions to all three exhibits. *Id.* at 6.

To be sure, there is a long-standing presumption favoring public access to judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). And as such, this Court's Local Rules require prior authorization before documents may be filed under seal or as non-public. U.S.C.D.L.R. 5.1(g). Yet this presumption may be overcome if the movant can demonstrate that some significant interest outweighs the presumption of public access. *Mann*, 477 F.3d at 1149; *see Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 905 (10th Cir. 2017) ("The moving party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.") (citation omitted).

Here, the Court finds that both Plaintiff and Defendant have demonstrated that certain information within Exhibits 1, 2, 4, and 6 contain confidential and/or privileged information sufficient to outweigh the public's common law right to access judicial records. Rather than order any specific redactions, the Court believes there is sufficient basis to restrict public access to these Exhibits in their entirety. Both Motions are **GRANTED**. **IT IS HEREBY ORDERED** that public access to Exhibit Nos. 1, 2, 4, and

6 of Plaintiff's Complaint [ECF No. 18] shall be restricted and the Clerk of the Court is directed to file said exhibits as non-public pursuant to U.S.D.C.L.R. 5.1(g).

Dated this 4th day of February, 2026.

_____
Scott P. Klosterman
United States Magistrate Judge